## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------------x
:
ORTHO BIOTECH PRODUCTS, L.P.,                :
:
                              Plaintiff,     :       Civ. No. _____
:
              v.                             :
:
AMGEN INC.,                                  :
:
                              Defendant.     :
---------------------------------------------------------------x

## ORDER GRANTING PRELIMINARY INJUNCTION

**THIS MATTER** having come before the Court on application of Plaintiff Ortho Biotech Products L.P. for a preliminary injunction pursuant to Rule 65, F.R.Civ.P., and the Court having considered the evidence and papers presented by Plaintiff and Defendant, and good cause having been shown as to why a preliminary injunction should issue; and

The Court having made the following findings:

1.     That White Blood Cell Growth Factor ("WBCGF") drugs (such as Neupogen and Neulasta, manufactured and sold by Defendant Amgen, Inc.) are completely separate products which are not interchangeable with Red Blood Cell Growth Factor ("RBCGF") drugs manufactured and sold by both Plaintiff Ortho Biotech Products, L.P. (which sells Procrit) and Defendant Amgen, Inc. (which sells Aranesp);

2.     That the market for sale of RBCGF drugs to oncology clinics within the United States is a relevant product market for purposes of determining whether the alleged antitrust violations have occurred;

1

3.      That Plaintiff has demonstrated a likelihood of proving at trial that Defendant Amgen, Inc. has a monopoly in the sale of WBCGF drugs to oncology clinics in the United States, with a market share in excess of 95% in the sale of such drugs to oncology clinic, and has market power in that market;

4.      That Plaintiff has demonstrated a likelihood of proving at trial that Defendant Amgen, Inc. has offered its WBCGF drugs to sale to oncology clinics on terms (including discounts and rebates) which are calculated to leave oncology clinics with no viable economic alternative other than to purchase substantial quantities of both Amgen's WBCGF drugs (for which there is no effective competition), as well as Amgen's RBCGF drug, Aranesp, which would otherwise face substantial competition from Procrit, a RBCGF drug sold by Plaintiff Ortho Biotech Products, L.P.;

5.      That Plaintiff has demonstrated a likelihood of proving at trial that the sale by Amgen, Inc. of its WBCGF and RBCGF drugs on the terms by which they are currently being sold, constitutes an anticompetitive and per se illegal tying arrangement;

6.      That Plaintiff Ortho Biotech Products, L.P. has demonstrated a likelihood of successfully proving at a full trial that there exists a dangerous probability that Defendant Amgen, Inc. will monopolize the market for the sale of RBCGF drugs to oncology clinics in the United States if it is not restrained from continuing to engage in such conduct;

7.      That the public interest would not be served by eliminating the robust competition which should exist in the market for RBCGF drugs;

8.      That Plaintiff Ortho Biotech Products, L.P. has demonstrated a likelihood of success on the merits after a full trial of its antitrust claims against Defendant Amgen, Inc.;

2

9.    That Plaintiff Ortho Biotech Products, L.P. has demonstrated that it is likely to suffer immediate and irreparable harm if the challenged conduct by Defendant Amgen, Inc. is not preliminarily enjoined by this Court; and

10.    That any harm to Defendant Amgen, Inc. through the entry of this injunctive order is outweighed by the harm to competition and the public interest if the challenged conduct is not preliminarily restrained;

**NOW THEREFORE,**

**IT IS** _____ on this _____ day of _____,
2005, **HEREBY ORDERED** as follows:

1.    The Court hereby enters a preliminary injunction enjoining Amgen Inc. from employing its latest pricing scheme, which began effective October 1, 2005, and any comparable pricing scheme that achieves the same result of coercing oncology clinics to purchase substantial amounts of Aranesp as a condition of access to substantial discounts on Amgen's WBCGF drugs;

2.    Amgen Inc., its directors, officers, employees, agents, successors, and assigns be and hereby are enjoined and restrained from, in any manner, directly or indirectly conditioning the sale or discounts on the sale of WBCGF drugs on the purchase of RBCGF drugs or any other conduct which has the same purpose or effect, and committing any other violations of Sections 1 and 2 of the Sherman Act described herein and Amgen, its directors, officers, employees, agents, successors and assigns are enjoined and restrained from, in any manner, directly or indirectly, committing any other violations of the antitrust laws or statutes having a similar purpose or effect; and

3.    That this Order shall remain in effect until a full trial on the merits in this matter, at which time this Court shall consider the imposition of a permanent injunction, and such other

and further relief as this Court may deem just and proper.

**SO ORDERED.**

_____

U.S.D.J.

4