Douglas F. Johnson, Esq.
EARP COHN P.C.
20 Brace Road, 4th Floor
Cherry Hill, NJ 08034
(856) 354-7700

Attorneys for Plaintiff
Ortho Biotech Products, L.P.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                  :

ORTHO BIOTECH PRODUCTS, L.P.,      :

              Plaintiff,      :

                       :   **Civil Action No. _____**

          - v. -      :

                       :

AMGEN INC.,      :

                       :

              Defendant.      :

                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF WILLIAM F. CAVANAUGH, JR.
IN SUPPORT PLAINTIFFS MOTION FOR EXPEDITED DISCOVERY**

I, William F. Cavanaugh, Jr., declare as follows:

1.    I am a member of the law firm of Patterson, Belknap, Webb & Tyler, LLP, and submit this declaration in support of the Motion for Expedited Discovery of plaintiff Ortho Biotech Products, L.P. ("Ortho").

2.    The instant motion for expedited discovery is made concomitant with Ortho's Motion for a Preliminary Injunction seeking to enjoin defendant Amgen Inc. ("Amgen") from engaging in anti-competitive practices in violation of the federal antitrust laws. As set forth in Ortho's papers supporting its motion for a preliminary injunction, Ortho seeks to enjoin the pricing scheme Amgen implemented October 1, 2005 that unlawfully ties rebates and discounts

on Amgen's monopoly drugs, Neulasta® and Neupogen®, to the purchase of its drug Aranesp®, which competes with Ortho's drug Procrit® in the oncology clinic market. Neupogen and Neulasta stimulate the production of white blood cells (*i.e.*, they are "white blood cell growth factor" or "WBCGF" drugs). Amgen's Neulasta and Neupogen account for 97% of the total sales of WBCGF drugs. This monopoly extends to the oncology clinic market. Aranesp and Procrit stimulate the production of red blood cells (*i.e.*, they are "red blood cell growth factor" or "RBCGF" drugs). Amgen's unlawful tying arrangement is a *per se* violation of Section 1 of the Sherman Act and its pricing schemes are a deliberate attempt by Amgen to monopolize the oncology clinic market for RBCGF drugs by use of its monopoly in WBCGF drugs.

3. Ortho is seeking a preliminary injunction to protect against the irreparable harm it is suffering from the implementation of Amgen's pricing scheme which has an immediate impact on Ortho's relationship with its customers, their business and good will, and the further elimination of Procrit from the oncology clinic market. Amgen's pricing scheme is designed to eliminate physician choice as to whether to use Ortho's RBCGF or Amgen's RBCGF by requiring Ortho customers to abandon Procrit in order to gain access to Amgen's monopoly WBCGF drugs. Amgen's pricing scheme also will eliminate the competitive incentives both to produce quality RBCGF drugs and to adapt and extend their use to the treatment of other illnesses.

4. The expedited discovery will assist Ortho in demonstrating that it likely will prevail on the merits of its antitrust claims, and that it will be irreparably harmed absent the requested injunctive relief.

2

1218440v2

5. The limited document and deposition discovery needed to enable the Court to determine whether to preliminarily enjoin Amgen's unlawful pricing scheme is not extensive, will not prejudice either party, and is appropriate under the circumstances.

6. Specifically, Ortho expedited discovery demands are tailored to elicit admissible evidence concerning, *inter alia*, the (i) the terms of Amgen's contracts with oncology clinics, (ii) Amgen's recognition of the relevant markets in which Neulasta, Neupogen, Aranesp and Procrit are sold, (iii) the barriers to entry in those markets, (iv) the economic power of Neulasta and Neupogen in the relevant market, (v) the intended and contemplated impact of Amgen's pricing scheme on the share of sales of Neulasta, Neupogen, Aranesp and Procrit, and (vi) the impact consumers and the public in the event Amgen's pricing scheme effectively eliminates Procrit as a competitor.

7. To obtain that evidence in advance of the preliminary injunction hearing, Ortho requests leave to serve the following discovery demands on Amgen: (i) Plaintiff's First Request For Production of Documents, dated October 11, 2005, attached as Exhibit A; (ii) Plaintiff's Notice of Rule 30(b)(6) Deposition of Amgen Inc., dated October 11, 2005, attached as Exhibit B; (iii) Plaintiff's Notice of Deposition of James Daly, dated October 11, 2005, attached as Exhibit C; (iv) Plaintiff's Notice of Deposition of Joseph Turgeon, dated October 11, 2005, attached as Exhibit D; and (v) Plaintiff's Notice of Rule 30(b)(6) Deposition of Berlex Inc., dated October 11, 2005, attached as Exhibit E. It is Ortho's understanding that Messrs. Turgeon and Daly are Amgen marketing and sales executives who have played a central role in the development and launch of Amgen's bundles.

8. The materials sought by Ortho are directly related to the tying and attempted monopolization claims asserted in its motion for a preliminary injunction. Much of

3

the evidence concerning these issues is within Amgen's possession, custody and control.

Accordingly, Ortho's ability to take discovery of Amgen on an expedited basis is essential to a

fair adjudication of these proceedings.

9. The burden on Amgen to submitting to limited discovery on an expedited

basis is slight when weighed against the harm to competition, and patient access and physician

choice, that delaying judicial review of Amgen's tying arrangement will produce. The burden of

compiling the information being requested is further limited by the fact that Ortho's request for

injunctive relief involves recent events.

10. Attached as Exhibit F is a Proposed Order, which sets forth a schedule for

expedited discovery, pre-hearing submissions and the preliminary injunction hearing. This

schedule is predicated on hearing dates of November 15 through November 17, 2005. Ortho

believes that this proposed schedule balances the need for expedited discovery and a prompt

adjudication of its claims, with the reasonable requirements of the parties in responding to

discovery and preparing for the hearing.

I declare under penalty of perjury that the foregoing is true and correct.

_____
William F. Cavanaugh, Jr.

Dated: October 11, 2005

4