# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

WALTER F. TIMPONE
Direct dial: (973) 425-8701
wtimpone@mdmc-law.com

April 18, 2008

The Honorable Michael A. Shipp, U.S.M.J.
United States District Court
for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

      Re:    **Ortho Biotech Products, L.P. v. Amgen Inc. and Amgen USA Inc.,**
             **05-cv-4850 (SRC-MAS) (D.N.J.)**

Dear Judge Shipp:

        We represent plaintiff Ortho and write to oppose Amgen's request for a stay of the portion of the Court's March 20, 2008 Order (the "Order") rejecting Amgen's assertion of privilege.

        Amgen's request for a stay is yet another in a long series of tactics aimed at depriving Ortho of discovery of non-privileged information central to its case. Ortho first briefed the issue of Amgen's faulty privilege assertion in a November 26, 2007 motion to compel. The Court heard argument on this issue (and others) at a February 1, 2008 conference, and followed with an oral ruling on March 3, 2008, that "Amgen has not met its burden of demonstrating that the document . . . was privileged." (See March 3, 2008 Transcript at 25:18-25:19, attached as Exhibit B to Amgen's April 7, 2008 from Michael R. Griffinger (hereinafter, "Amgen Letter")).

        Despite the Court's clear ruling and thoughtful analysis, Amgen persists in its attempts to keep Ortho from discovery on this topic. First, Amgen ignored the portion of the Court's Order requiring the parties to meet and confer about the analytics related to the document at issue. Second, Amgen has failed to comply with the rest of the Order as well, preventing Ortho from probing at deposition about the very document this Court ruled to be non-privileged. Third, Amgen has appealed this Court's order to Judge Chesler. And fourth, Amgen now also seeks a stay from the Order.

        The evidence considered by this Court demonstrated amply that the analysis at issue was not litigation-driven, but regular-course-of-business information. Amgen's effort to deprive Ortho discovery on this legitimate issue, less than one month before the close of fact

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Hon. Michael A. Shipp, U.S.M.J.
April 18, 2008
Page 2

discovery, should not be countenanced. Amgen should not be permitted to continue to create delay and evade compliance with its discovery obligations. The Court should deny Amgen's request for a stay.

## Applicable Legal Standard

The denial of a motion to stay proceedings rests in the informed, sound discretion of the Court. See Nicholas v. Wyndham Intern., Inc.,149 Fed. Appx. 79, 81 (3d Cir. 2005) (citing, *inter alia*, Landis v. North American Co., 299 U.S. 248, 254 (1936)). Amgen is not entitled to a stay because it has not demonstrated that *any* of the four applicable factors support a stay. That is: (1) Amgen is not substantially likely to succeed on appeal; (2) Amgen will not suffer irreparable harm absent a stay; (3) granting a stay will cause substantial injury to Ortho; and (4) it is in the public interest to deny the stay. See Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991); Pharmacia Corp. v. Motor Carrier Services Corp., Civ. No. 04-3724 (GEB), 2007 WL 2509687, at * 1 (D.N.J. Aug. 29, 2007) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). A stay should be granted only if these four factors taken together demonstrate that one is warranted. See Harris v. Pernsley, 654 F. Supp. 1057, 1059 (E.D. Pa. 1987) (citations omitted). Under these circumstances, it is not.

### 1. Amgen is Not Likely to Succeed on Appeal

It is telling that Amgen begins its argument about its likelihood of success (or lack thereof) by attempting to minimize its burden on this point. See Amgen Letter at 1 (arguing that it need not prove high probability of success on appeal where it will prevail on other points). Contrary to Amgen's argument, the fact that the Court acknowledged that the application of attorney-client privilege "is difficult" does not satisfy its obligation to show a likelihood of success. See, e.g., U.S. v. Manchel, Lundy and Lessin, 477 F. Supp. 326, 334 (E.D. Pa. 1979) (appellant must demonstrate a "strong showing" of likelihood of success).

Indeed, the Court's decision is likely to be upheld, as it is squarely within the law. The Court examined the document at issue to determine (1) if "the communication [was] designed to meet problems which can fairly be characterized as predominately legal," and (2) whether Amgen could demonstrate "that the communication would not have been made but for the client's need for legal advice or services." Mar. 3, 2008 Transcript, at 25 (citing Leonen v. Johns-Manville, 135 F.R.D. 94, 99 (D.N.J. 1990)). The Court considered this authority, as well as another document presented by Ortho that demonstrated that the document at issue was not created for a primarily legal purpose. As Amgen all but concedes, this factor supports a denial of Amgen's motion for a stay.

### 2. Amgen Will Not Suffer Irreparable Harm Absent a Stay

Second, Amgen will not be harmed if the Court refuses to stay its Order. Amgen argues that a 'parade of horribles' would follow if the Order were not stayed: "Unless Your Honor stays the Order, Ortho can now make whatever use of the document wants . . . ." But as

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Hon. Michael A. Shipp, U.S.M.J.
April 18, 2008
Page 3

Amgen immediately acknowledges in the rest of that sentence, that use is limited by the Court-approved protective order that has been entered in this case. (Amgen Ltr. at 2 ("Unless Your Honor stays the Order, Ortho can now make whatever use of the document it wants *consistent with its obligations under the protective order* in this case.") (emphasis added)).

This protective order provides all necessary protection for Amgen's purportedly privileged information, and renders hollow Amgen's claim of irreparable harm. The November 2005 protective order (see docket no. 26 and 29, attached hereto as Exhibit A) provides several layers of protection for the information that Amgen claims is protected by attorney-client privilege or the work product doctrine:

- The information may be used solely for this litigation and no other purpose, kept in confidence, and not disclosed other than as permitted by the protective order (paragraph 3);

- Any court papers containing the information must be filed under seal unless proper notice and an opportunity to object are provided (paragraph 7);

- The information may be shared only with counsel of record, up to seven in-house counsel previously approved by Amgen to review such information, and experts or consultants previously approved by Amgen to review such information and who have executed the Written Assurance attached to the protective order (paragraph 5); and

- The information may not be provided to unauthorized persons in any form, including summaries or abstracts (paragraph 9).

The parties' and the Court's practices in this case for the past two and a half years demonstrate that the protective order is given as much force and effect as permissible under the law. Indeed, the parties have designated all of the depositions in this case and all exhibits marked at depositions as "Confidential," so that they have the full benefits provided by this protective order. In addition, Judge Chesler sealed the courtroom over a non-party's objection during the week-long preliminary injunction hearing in June 2006 to prevent any unauthorized disclosure of confidential information.

Furthermore, Amgen's claim that "once these uses and disclosures of the document are made, it will be impossible to undo the harm if Judge Chesler later determines that the document is privileged" (Amgen Ltr. at 2) is simply untrue. Deposition testimony about the purportedly privileged information in the document (which Ortho's attorneys have already reviewed) may easily be stricken if Judge Chesler reverses the Order. As the Supreme Court has noted, "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable

# McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Hon. Michael A. Shipp, U.S.M.J.
April 18, 2008
Page 4

harm." Sampson v. Murray, 415 U.S. 61, 90 (1974) (internal quotations omitted). Accordingly, this factor weighs strongly in favor of denying Amgen's motion for a stay.

### 3.     A Stay Will Cause Substantial Harm to Ortho

Third, the harm to Ortho that would occur as a result of a stay is manifest. As Ortho demonstrated in its previous briefing and at oral argument, the issues raised by the document are not one-off concerns to be probed only with particular individuals. Rather, they go to the core issues in this case: Amgen's intent to monopolize, and the damages to Ortho that have resulted from Amgen's unlawful conduct.

Despite securing a ruling in its favor on March 3, Ortho was prevented by Amgen from inquiring into the document at issue in a subsequent deposition (of Beverly Simmons) on April 4. To date, Ortho has noticed another 11 depositions of Amgen representatives to proceed in the next four weeks (i.e., before the close of discovery on May 16). The majority of these depositions will touch on issues raised by the document that is the subject of the Order.

If a stay is granted until the Order is affirmed, Ortho will be required to re-depose all of the witnesses whose depositions have proceeded as of that date – including Edward Hansen and Ms. Simmons, who were prevented from responding on these issues at their earlier depositions. Amgen's retort on this point – that "[r]equiring Ortho to wait an additional motion cycle before making use of the document imposes a relatively minor burden on it" – ignores the reality of the discovery schedule and the enormous burden of re-deposing numerous witnesses. The expense, inconvenience, and delay that will result from requiring Ortho to re-depose numerous witnesses after the appeal is decided constitutes substantial harm.

### 4.     A Stay is Not in the Public Interest

The reason that Ortho must proceed with depositions before this issue is settled on appeal is simple: fact discovery is scheduled to end on May 16. It is not an option for Ortho to delay the scheduling of these depositions until the appeal is decided.

Ortho moved the Court on this issue in November, and the Court ruled in March so that Ortho would have the benefit of the Court's ruling during its upcoming depositions. A stay of the Order would deprive Ortho of this discovery for effectively the entire discovery period. As discussed above, if a stay is granted and the Order is later affirmed, Ortho will be required to re-depose the witnesses whose testimony has already been taken. Given the already-full deposition calendar, this will be simply impossible to do and complete before May 16.

The end result is this: granting the stay that Amgen seeks undoubtedly will lead to another postponement of the pretrial schedule in this matter. A further delay of the trial in this matter is contrary to the public interest. As set forth in Ortho's complaint, Amgen's coercive clinic contracts continue to cost Medicare and private payors untold sums of money. In addition, competition is harmed as the oncology clinic market is forced to purchase the more expensive

# McElroy, Deutsch, Mulvaney & Carpenter, LLP

Hon. Michael A. Shipp, U.S.M.J.
April 18, 2008
Page 5

Red Blood Cell Growth Factor drug – Amgen's Aranesp – to obtain much-needed discounts on its costly monopoly White Blood Cell Growth Factor drug, Neulasta.

Amgen's claim that the public interest is in favor of preserving the attorney-client privilege is bedside the point. As noted above, the protective order in this case provides all necessary protection. Denying Amgen's motion for a stay and requiring it to comply with the Order is in the public interest.

## Amgen's Other Violations of the Order

As noted above, Amgen has ignored the Court's order that the parties meet and confer about any assertions of privilege by Amgen over the specific analytics represented by the document. See Order at 1; April 4, 2008 Letter from Michael R. Griffinger [docket no. 169] ("Amgen intends to appeal the entirety of the Court's discovery Order dated March 20, 2008 and maintain its privilege assertion over all matters itemized in the document submitted in camera.").

By appealing the Order, Amgen is appealing the issue of whether the document itself is privileged. But whatever that result, this Court separately ordered Amgen by April 4 to identify the analytics referenced in the document over which it also asserts privilege. Amgen has refused. Presumably, if the Order is affirmed on appeal, only *then* will Amgen consent to meet and discuss the issues that this Court ordered it to discuss weeks ago. This blatant attempt to delay discovery on this issue until the discovery period is closed should not be permitted. Amgen's refusal to even discuss the boundaries of its privilege claim have deprived Ortho of the opportunity for meaningful discovery. While the appeal is pending, Ortho should be permitted to elicit testimony at depositions about both the document and related analytics.

In another effort to delay discovery, Amgen has failed to comply with the portion of the Order requiring Amgen to produce the documents obtained from its backup tapes even though Amgen did not seek a stay of that part of the Order. To compound the problem, Amgen has outright refused to identify a date certain on which it will complete that production, even though only four weeks remain in fact discovery. This additional effort to delay production of discovery that should have been made months ago is causing Ortho additional harm.

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Hon. Michael A. Shipp, U.S.M.J.
April 18, 2008
Page 6

### <u>Conclusion</u>

Ortho respectfully requests that the Court deny Amgen's request for a stay of the portion of the Order pertaining to Amgen's document and its related analytics. A proposed Order accompanies this letter.

Respectfully submitted,

Walter F. Timpone

Enclosures

**EXHIBIT A**

Michael R. Griffinger, Esq. (MG-2944)
Michael Quinn, Esq. (MQ-2722)
Jennifer A. Hradil, Esq. (JH-0594)
**GIBBONS, DEL DEO, DOLAN,**
**GRIFFINGER & VECCHIONE, P.C.**
One Riverfront Plaza
Newark, New Jersey 07102-5496
(973) 596-4500

- and -

Bobby Burchfield, Esq.
Raymond A. Jacobsen, Esq.
Jeffrey E. Stone, Esq. Esq.
David S. Rosenbloom, Esq.
**MCDERMOTT WILL & EMERY LLP**
600 13th Street, N.W.
Washington, D.C. 20005-3096
(202) 756-8000

Attorneys for Defendant
Amgen Inc.

RECEIVED

NOV 9  2005

AT 8:30 _____ Li
WILLIAM T. WALSH
CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ORTHO BIOTECH PRODUCTS, L.P., | Civil Action No. 05-cv-04850 (SRC) |
| Plaintiff, | |
| vs. | |
| AMGEN, INC., | |
| Defendant | |

**DISCOVERY CONFIDENTIALITY ORDER**

WHEREAS, in the course of the above-captioned action, the Parties, Ortho Biotech

Products, L.P. ("Ortho") and Amgen Inc. ("Amgen") (collectively, the "Parties") may seek

disclosure of information that a party or nonparty witness (the "Producing Party") is required or

undertakes to disclose and that such Producing Party regards as being confidential, trade secret,

or proprietary ("Confidential Information"); and

WHEREAS, the Parties desire to establish a mechanism to protect the disclosure of Confidential Information in the above-referenced matter (the "Litigation"); and

WHEREAS, the Parties desire to establish a mechanism to govern the treatment, and to preserve the privileged or protected status of privileged materials inadvertently produced during discovery in the Litigation ("Privileged Materials"); and

WHEREAS, the Parties hereto, through their respective counsel, have reached an agreement governing the use, dissemination and disclosure of Confidential Information obtained through discovery in this Litigation and the inadvertent disclosure of Privileged Materials in this Litigation, and the Parties have agreed to the form of this Discovery Confidentiality Order; and

WHEREAS, the Parties have submitted affidavits and/or certifications in support of the entry of this Order as required by Local Civil Rule 5.3(b)(2); and

WHEREAS, the Court has found good cause for the entry of this Discovery Confidentiality Order,

It is on this ____ day of November, 2005, hereby

ORDERED:

1.   This Discovery Confidentiality Order shall be applicable to and govern all depositions, documents, answers to interrogatories, responses to requests for admission and all other discovery taken in this action pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and any other information furnished, directly or indirectly, by or on behalf of any party to the above-captioned action including such party's predecessors, successors, parents, subsidiaries, divisions and affiliated companies and companies under the direction and/or control of a party or its owner(s), to the extent such material is designated "CONFIDENTIAL" in accordance with this Discovery Confidentiality Order.

-2-

"Document" as used in this Discovery Confidentiality Order includes the electronic, static and exact image of any written document produced in TIFF, PDF or similar electronic format.

2.      "CONFIDENTIAL" information as used herein shall mean information or tangible things that contain or embody trade secrets, proprietary, technical, research, commercial, financial or otherwise confidential information, and which the Producing Party designates in good faith as confidential at the time of production of documents or the giving of testimony or promptly thereafter.

3.      For purposes of convenience, any party may designate as CONFIDENTIAL an entire file or files if it in good faith believes that substantial portions, but not necessarily all, of the files contain such Confidential Information. A Producing Party may mark or designate information as CONFIDENTIAL as follows:

        a.    All copies of the document containing any Confidential Information shall be so marked as CONFIDENTIAL; the original need not be so marked;

        b.    Information or other data embodied and produced in its original and/or native electronic form, including without limitation, data extracted from any database query(ies), spreadsheets, or other electronic files, shall be designated CONFIDENTIAL by affixing a tag or label conspicuously to the media in which such information or other data is contained for purposes of production and shall bear a bates number or other mutually agreed-upon label;

        c.    Information that becomes available to any party via inspection, measuring, analyzing, or testing of any sample or thing received from another party and designated CONFIDENTIAL shall also be considered to be confidential without need for additional designation by the party supplying the sample of thing; and

        d.    In the case of deposition testimony, a party seeking to invoke the protection of this Discovery Confidentiality Order shall give prompt notice thereof at the deposition or within 15 days after receipt of the deposition transcript.

4.      Except as otherwise provided herein, all Confidential Information and any notes, summaries, memoranda, exhibits, or other documents that include or describe Confidential

Information supplied by any party to this action that is designated CONFIDENTIAL in accordance with paragraph 3 herein, shall be used solely for the purpose of this Litigation and for no other purpose whatsoever, shall be kept in confidence, and shall not be disclosed, except for submittals to the Court as indicated herein, without prior written consent of the Producing Party or by further order of the Court.

     5.    Access to information and material designated CONFIDENTIAL shall be limited to:

       a.    The Court and its personnel upon the filing under seal in accordance with paragraph 7 or with other suitable precautions to maintain the confidentiality;

       b.    Counsel of record, employees of counsel of record, and any necessary litigation service contractors (such as copy or exhibit preparation services);

       c.    Up to seven (7) in house counsel and their assistants who are actively engaged in the prosecution or defense of this action, provided that written notice identifying such counsel is made to the Producing Party in advance of such counsel's review of Confidential information and the Producing Party does not object to such disclosure within five (5) days.

          i.    In the event an objection is raised, the Producing Party shall move the Court on an expedited basis, within five (5) days after raising such objection, for a protective order precluding such disclosure and, pending the Court's decision on such motion, no disclosure of Confidential information shall be made to such counsel. Absent such motion being made, the objection will be deemed waived; and

       d.    Third party experts or independent consultants, including outside counsel engaged by counsel of record to assist in this Litigation, provided that prior to any such disclosure:

          i.    Written notice be given to each adverse party, (a) identifying the third party expert or independent consultant; (b) providing the expert or consultant's current resume or curriculum vitae, and (c) identifying the businesses with which such expert or consultant is affiliated or consulting; however, if such expert or consultant asserts that such information concerning other consultancies is confidential and should not be disclosed, such disclosure need not

-4-

be made in the first instance, but the Parties providing data or information may seek an order compelling disclosure.

ii. No adverse party objects to disclosure to such expert or consultant within five (5) calendar days of receipt of such notice. If such objection is made within the five (5) day period, the party pursing disclosure may file a motion to compel disclosure. No disclosure shall be made until resolution of said motion; and

iii. Each such expert or consultant signs the Written Assurance in the form attached hereto.

6. Counsel of record shall maintain a list of all persons to whom that party discloses CONFIDENTIAL information and shall retain all the executed Written Assurances. The identity of any person to whom disclosure is made, and a copy of the executed Written Assurance for that person, shall be disclosed to the adverse party upon written request by such adverse party.

7. In the event that a party wishes to use any CONFIDENTIAL information or any papers containing or making express reference to the contents of such material or information, in any pleading or document filed with the Court in this Litigation, the party shall move pursuant to Local Civil Rule 5.3(c) to have such pleading or document filed under seal and together with said motion may also seek to have the Court seal any related judicial proceedings. To the extent that any prospective motions, applications or judicial proceedings are discussed or addressed with the Court in connection with status, scheduling, pretrial or settlement conferences, the parties agree that they will confer with each other and seek the Court's guidance and counsel on any issues concerning anticipated motions to seal or otherwise restrict public access to any materials or judicial proceedings for purposes of simplifying and expediting compliance with the terms of this Discovery Confidentiality Order and Local Civil Rule 5.3.

8. Nothing contained herein shall preclude reference to any information designated CONFIDENTIAL in the course of any deposition, during testimony at trial or in preparation for giving testimony, so long as the deponent and all persons attending said deposition, whether

counsel or otherwise, shall be entitled to disclosure under this Discovery Confidentiality Order and shall have complied with this Discovery Confidentiality Order by reading the Discovery Confidentiality Order and signing the attached Written Assurance. Under these circumstances, persons entitled to disclosure under this Order shall include the author of a document designated as CONFIDENTIAL or any person or entity that had received the document from the Producing Party in the regular course of business. Whenever any documents, information or other things designated as CONFIDENTIAL are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive such documents, information or other things.

9. No copies, summaries, or abstracts of information designated CONFIDENTIAL shall be made by a party or its counsel for distribution or use by persons other than those entitled to disclosure of information so designated under this Discovery Confidentiality Order.

10. The restrictions set forth in any of the preceding paragraphs shall not apply to information and materials which:

        a. Was in, or becomes, public knowledge not in violation of this Discovery Confidentiality Order;

        b. Was or is acquired without obligation of secrecy from a party not a party to this Litigation having the right to disclose or otherwise supply the same; or

        c. Through written documentation can objectively be shown to have been independently developed by the receiving party.

11. The designation of any information or material as CONFIDENTIAL by a Producing Party shall not be construed as agreement by any other party that such information or material is in fact confidential. No party shall be obligated to challenge the status of information or material designated as CONFIDENTIAL and failure to do so shall not preclude a subsequent attack on such status. In any dispute over whether material or information is properly designated

-6-

as CONFIDENTIAL, the party asserting that the information or material is confidential shall have the burden of proof.

12.   Should any document or information designated CONFIDENTIAL hereunder be disclosed, through inadvertence or otherwise, to any person or party not entitled to receive the same hereunder, then the Parties hereby intend that such person shall automatically be bound by this Discovery Confidentiality Order and that such person:

> a.   Shall be informed promptly of all the provisions of this Discovery Confidentiality Order by the party who discovers the inadvertent disclosure;
>
> b.   Shall be identified immediately to the other party; and
>
> c.   Shall be requested to sign a Written Assurance in the form attached hereto, which signed agreement shall be served on the opposing party.
>
> d.   Should the person be unwilling to sign a Written Assurance, or should the Producing Party object to the disclosure, the disclosing party shall make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such confidential information.

13.   If discovery is sought of a person not a party to this action ("nonparty") requiring disclosure of such nonparty's confidential information, the confidential information disclosed by such party may be designated by the nonparty as CONFIDENTIAL, as provided under this Discovery Confidentiality Order, and will be subject to the same protection and procedures as those governing disclosure of the Parties' Confidential Information.

14.   The inadvertent production of Privileged Materials shall not be deemed a waiver or impairment of any claim of attorney-client privilege or work product protection, provided that the Producing Party notifies the receiving party — in writing within ten calendar days after the inadvertent production is discovered — that the materials are Privileged Materials.

15.   A party that discovers it has received materials designated as or that appear by their plan terms to be subject to the attorney-client privilege or work product protection shall immediately disclose the materials to the Producing Party and inquire whether the production of the materials was inadvertent. Within ten calendar days of that disclosure, the Producing Party must notify the receiving party in writing whether the production was inadvertent. If the Producing Party does not respond within ten calendar days, the Producing Party waives all attorney-client privilege or work product protection with respect to the particular materials identified. During the ten-day period, counsel for the receiving party shall retain all copies of the materials and shall not analyze, reference or otherwise use the materials.

16.   Upon receiving timely written notice the Privileged Materials were inadvertently produced, the receiving party shall not analyze, reference or otherwise use the inadvertently produced Privilege Materials or information or knowledge gained exclusively from the Privileged Materials. To the extent possible, the receiving party shall destroy all copies, versions or forms of such material, including image files maintained on database servers. The receiving party also shall destroy any analyses, memoranda or notes concerning the inadvertently produced Privileged Materials or which uses the information or knowledge gained exclusively from the Privileged Materials.

17.   The Discovery Confidentiality Order and a party's compliance with the protocol set forth herein shall not be construed as a waiver by a party of its rights to object to an assertion of attorney-client privilege or work product protection. A party objecting to an assertion of attorney-client privilege or work product protection, nevertheless, shall comply with the protocol set forth herein pending resolution by the Litigation.

18.     This Discovery Confidentiality Order shall not preclude or limit any party's right to oppose discovery on any ground that would otherwise be available.

19.     This Discovery Confidentiality Order may be amended by agreement of counsel for the Parties in the form of a stipulation that shall be filed in this Litigation. Any party for good cause shown may apply to the Court for a modification of this Discovery Confidentiality Order.

20.     The parties consent to the form and entry of this Discovery Confidentiality Order and agree to be bound by its terms as of the date first submitted to the Court for execution.


_____
HONORABLE JOHN J. HUGHES, U.S.M.J.

Michael R. Griffinger, Esq. (MG-2944)
Michael F. Quinn, Esq. (MQ-2722)
Jennifer A. Hradil, Esq. (JH-0594)
**GIBBONS, DEL DEO, DOLAN,**
**GRIFFINGER & VECCHIONE, P.C.**
One Riverfront Plaza
Newark, New Jersey 07102-5496
(973) 596-4500

- and -

Bobby Burchfield, Esq.
Raymond A. Jacobsen, Esq.
Jeffrey E. Stone, Esq. Esq.
David S. Rosenbloom, Esq.
**MCDERMOTT WILL & EMERY LLP**
600 13th Street, N.W.
Washington, D.C. 20005-3096
(202) 756-8000

Attorneys for Defendant
Amgen Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORTHO BIOTECH PRODUCTS, L.P.,<br><br>          Plaintiff,<br><br>  vs.<br><br>AMGEN, INC.,<br><br>          Defendant. | Civil Action No. 05-cv-04850 (SRC) |

## WRITTEN ASSURANCE

_____, declares that: I reside at _____, in

the city of _____, county of _____, State of _____.

     I have read the Discovery Confidentiality Order dated _____ of record in the

above-referenced matter;

I agree to comply with and be bound by the provisions of the Order;

I will keep in confidence, and will not divulge to anyone other than those permitted to have access under the terms of said Order or copy or use except solely for the purposes of this Litigation, any information, documents, or tangible things designated confidential under the Order;

I realize that any violation of the Order may subject me to sanctions by the Court, including punishment for civil contempt in a court of law.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _____ day of _____, 200__.

_____

Michael R. Griffinger, Esq. (MG-2944)
Michael Quinn, Esq. (MQ-2722)
Jennifer A. Hradil, Esq. (JH-0594)
**GIBBONS, DEL DEO, DOLAN,**
**GRIFFINGER & VECCHIONE, P.C.**
One Riverfront Plaza
Newark, New Jersey 07102-5496
(973) 596-4500

- and -

Bobby Burchfield, Esq.
Raymond A. Jacobsen, Esq.
Jeffrey E. Stone, Esq. Esq.
David S. Rosenbloom, Esq.
**MCDERMOTT WILL & EMERY LLP**
600 13th Street, N.W.
Washington, D.C. 20005-3096
(202) 756-8000

Attorneys for Defendant
Amgen Inc.

RECEIVED

NOV ✻ 6 2005

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORTHO BIOTECH PRODUCTS, L.P., <br><br> Plaintiff, <br><br> vs <br><br> AMGEN, INC., <br><br> Defendant. | Civil Action No. 05-cv-04850 (SRC) |

## DISCOVERY CONFIDENTIALITY ORDER

WHEREAS, in the course of the above-captioned action, the Parties, Ortho Biotech

Products, L.P. ("Ortho") and Amgen Inc. ("Amgen") (collectively, the "Parties") may seek

disclosure of information that a party or nonparty witness (the "Producing Party") is required or

undertakes to disclose and that such Producing Party regards as being confidential, trade secret,

or proprietary ("Confidential Information"); and

WHEREAS, the Parties desire to establish a mechanism to protect the disclosure of Confidential Information in the above-referenced matter (the "Litigation"); and

WHEREAS, the Parties desire to establish a mechanism to govern the treatment, and to preserve the privileged or protected status of privileged materials inadvertently produced during discovery in the Litigation ("Privileged Materials"); and

WHEREAS, the Parties hereto, through their respective counsel, have reached an agreement governing the use, dissemination and disclosure of Confidential Information obtained through discovery in this Litigation and the inadvertent disclosure of Privileged Materials in this Litigation, and the Parties have agreed to the form of this Discovery Confidentiality Order; and

WHEREAS, the Parties have submitted affidavits and/or certifications in support of the entry of this Order as required by Local Civil Rule 5.3(b)(2); and

WHEREAS, the Court has found good cause for the entry of this Discovery Confidentiality Order,

It is on this 14th day of November, 2005, hereby

ORDERED:

1. This Discovery Confidentiality Order shall be applicable to and govern all depositions, documents, answers to interrogatories, responses to requests for admission and all other discovery taken in this action pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and any other information furnished, directly or indirectly, by or on behalf of any party to the above-captioned action including such party's predecessors, successors, parents, subsidiaries, divisions and affiliated companies and companies under the direction and/or control of a party or its owner(s), to the extent such material is designated "CONFIDENTIAL" in accordance with this Discovery Confidentiality Order.

-2-

"Document" as used in this Discovery Confidentiality Order includes the electronic, static and exact image of any written document produced in TIFF, PDF or similar electronic format.

2.    "CONFIDENTIAL" information as used herein shall mean information or tangible things that contain or embody trade secrets, proprietary, technical, research, commercial, financial or otherwise confidential information, and which the Producing Party designates in good faith as confidential at the time of production of documents or the giving of testimony or promptly thereafter.

3    For purposes of convenience, any party may designate as CONFIDENTIAL an entire file or files if it in good faith believes that substantial portions, but not necessarily all, of the files contain such Confidential Information. A Producing Party may mark or designate information as CONFIDENTIAL as follows:

    a.    All copies of the document containing any Confidential Information shall be so marked as CONFIDENTIAL; the original need not be so marked;

    b    Information or other data embodied and produced in its original and/or native electronic form, including without limitation, data extracted from any database query(ies), spreadsheets, or other electronic files, shall be designated CONFIDENTIAL by affixing a tag or label conspicuously to the media in which such information or other data is contained for purposes of production and shall bear a bates number or other mutually agreed-upon label;

    c.    Information that becomes available to any party via inspection, measuring, analyzing, or testing of any sample or thing received from another party and designated CONFIDENTIAL shall also be considered to be confidential without need for additional designation by the party supplying the sample of thing; and

    d    In the case of deposition testimony, a party seeking to invoke the protection of this Discovery Confidentiality Order shall give prompt notice thereof at the deposition or within 15 days after receipt of the deposition transcript.

4.    Except as otherwise provided herein, all Confidential Information and any notes, summaries, memoranda, exhibits, or other documents that include or describe Confidential

-3-

Information supplied by any party to this action that is designated CONFIDENTIAL in accordance with paragraph 3 herein, shall be used solely for the purpose of this Litigation and for no other purpose whatsoever, shall be kept in confidence, and shall not be disclosed, except for submittals to the Court as indicated herein, without prior written consent of the Producing Party or by further order of the Court

5    Access to information and material designated CONFIDENTIAL shall be limited to:

    a    The Court and its personnel upon the filing under seal in accordance with paragraph 7 or with other suitable precautions to maintain the confidentiality;

    b.    Counsel of record, employees of counsel of record, and any necessary litigation service contractors (such as copy or exhibit preparation services);

    c    Up to seven (7) in house counsel and their assistants who are actively engaged in the prosecution or defense of this action, provided that written notice identifying such counsel is made to the Producing Party in advance of such counsel's review of Confidential information and the Producing Party does not object to such disclosure within five (5) days

        i    In the event an objection is raised, the Producing Party shall move the Court on an expedited basis, within five (5) days after raising such objection, for a protective order precluding such disclosure and, pending the Court's decision on such motion, no disclosure of Confidential information shall be made to such counsel. Absent such motion being made, the objection will be deemed waived; and

    d.    Third party experts or independent consultants, including outside counsel engaged by counsel of record to assist in this Litigation, provided that prior to any such disclosure:

        i.    Written notice be given to each adverse party, (a) identifying the third party expert or independent consultant; (b) providing the expert or consultant's current resume or curriculum vitae, and (c) identifying the businesses with which such expert or consultant is affiliated or consulting; however, if such expert or consultant asserts that such information concerning other consultancies is confidential and should not be disclosed, such disclosure need not

-4-

be made in the first instance, but the Parties providing data or information may seek an order compelling disclosure.

    ii.    No adverse party objects to disclosure to such expert or consultant within five (5) calendar days of receipt of such notice. If such objection is made within the five (5) day period, the party pursing disclosure may file a motion to compel disclosure. No disclosure shall be made until resolution of said motion; and

    iii.    Each such expert or consultant signs the Written Assurance in the form attached hereto.

    6.    Counsel of record shall maintain a list of all persons to whom that party discloses CONFIDENTIAL information and shall retain all the executed Written Assurances. The identity of any person to whom disclosure is made, and a copy of the executed Written Assurance for that person, shall be disclosed to the adverse party upon written request by such adverse party.

    7.    In the event that a party wishes to use any CONFIDENTIAL information or any papers containing or making express reference to the contents of such material or information, in any pleading or document filed with the Court in this Litigation, the party shall move pursuant to Local Civil Rule 5.3(c) to have such pleading or document filed under seal and together with said motion may also seek to have the Court seal any related judicial proceedings. To the extent that any prospective motions, applications or judicial proceedings are discussed or addressed with the Court in connection with status, scheduling, pretrial or settlement conferences, the parties agree that they will confer with each other and seek the Court's guidance and counsel on any issues concerning anticipated motions to seal or otherwise restrict public access to any materials or judicial proceedings for purposes of simplifying and expediting compliance with the terms of this Discovery Confidentiality Order and Local Civil Rule 5.3.

    8.    Nothing contained herein shall preclude reference to any information designated CONFIDENTIAL in the course of any deposition, during testimony at trial or in preparation for giving testimony, so long as the deponent and all persons attending said deposition, whether

-5-

counsel or otherwise, shall be entitled to disclosure under this Discovery Confidentiality Order and shall have complied with this Discovery Confidentiality Order by reading the Discovery Confidentiality Order and signing the attached Written Assurance. Under these circumstances, persons entitled to disclosure under this Order shall include the author of a document designated as CONFIDENTIAL or any person or entity that had received the document from the Producing Party in the regular course of business. Whenever any documents, information or other things designated as CONFIDENTIAL are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive such documents, information or other things.

        9.     No copies, summaries, or abstracts of information designated CONFIDENTIAL shall be made by a party or its counsel for distribution or use by persons other than those entitled to disclosure of information so designated under this Discovery Confidentiality Order

        10.    The restrictions set forth in any of the preceding paragraphs shall not apply to information and materials which:

> a     Was in, or becomes, public knowledge not in violation of this Discovery Confidentiality Order;
>
> b.    Was or is acquired without obligation of secrecy from a party not a party to this Litigation having the right to disclose or otherwise supply the same; or
>
> c.    Through written documentation can objectively be shown to have been independently developed by the receiving party.

        11.    The designation of any information or material as CONFIDENTIAL by a Producing Party shall not be construed as agreement by any other party that such information or material is in fact confidential  No party shall be obligated to challenge the status of information or material designated as CONFIDENTIAL and failure to do so shall not preclude a subsequent attack on such status  In any dispute over whether material or information is properly designated

as CONFIDENTIAL, the party asserting that the information or material is confidential shall
have the burden of proof.

     12     Should any document or information designated CONFIDENTIAL hereunder be
disclosed, through inadvertence or otherwise, to any person or party not entitled to receive the
same hereunder, then the Parties hereby intend that such person shall automatically be bound by
this Discovery Confidentiality Order and that such person:

       a.    Shall be informed promptly of all the provisions of this Discovery
Confidentiality Order by the party who discovers the inadvertent
disclosure;

       b.    Shall be identified immediately to the other party; and

       c.    Shall be requested to sign a Written Assurance in the form attached hereto,
which signed agreement shall be served on the opposing party.

       d.    Should the person be unwilling to sign a Written Assurance, or should the
Producing Party object to the disclosure, the disclosing party shall make
every effort to retrieve the improperly disclosed material and to prevent
further unauthorized disclosure on its own part or on the part of the
recipient of such confidential information.

     13.    If discovery is sought of a person not a party to this action ("nonparty") requiring
disclosure of such nonparty's confidential information, the confidential information disclosed by
such party may be designated by the nonparty as CONFIDENTIAL, as provided under this
Discovery Confidentiality Order, and will be subject to the same protection and procedures as
those governing disclosure of the Parties' Confidential Information.

     14.    The inadvertent production of Privileged Materials shall not be deemed a waiver
or impairment of any claim of attorney-client privilege or work product protection, provided that
the Producing Party notifies the receiving party — in writing within ten calendar days after the
inadvertent production is discovered — that the materials are Privileged Materials.

Case 2:05-cv-04850-SRC-MAS   Document 173   Filed 04/18/08   Page 26 of 29 PageID: 2324
Case 2:05-cv-04850-SRC-MAS   Document 29   Filed 11/16/2005   Page 8 of 11
Case 3:05-cv-04850-SRC-JJH   Document 20   Filed 11/03/2005   Page 14 of 24

15    A party that discovers it has received materials designated as or that appear by their plan terms to be subject to the attorney-client privilege or work product protection shall immediately disclose the materials to the Producing Party and inquire whether the production of the materials was inadvertent. Within ten calendar days of that disclosure, the Producing Party must notify the receiving party in writing whether the production was inadvertent. If the Producing Party does not respond within ten calendar days, the Producing Party waives all attorney-client privilege or work product protection with respect to the particular materials identified. During the ten-day period, counsel for the receiving party shall retain all copies of the materials and shall not analyze, reference or otherwise use the materials.

16.    Upon receiving timely written notice the Privileged Materials were inadvertently produced, the receiving party shall not analyze, reference or otherwise use the inadvertently produced Privilege Materials or information or knowledge gained exclusively from the Privileged Materials. To the extent possible, the receiving party shall destroy all copies, versions or forms of such material, including image files maintained on database servers. The receiving party also shall destroy any analyses, memoranda or notes concerning the inadvertently produced Privileged Materials or which uses the information or knowledge gained exclusively from the Privileged Materials.

17.    The Discovery Confidentiality Order and a party's compliance with the protocol set forth herein shall not be construed as a waiver by a party of its rights to object to an assertion of attorney-client privilege or work product protection. A party objecting to an assertion of attorney-client privilege or work product protection, nevertheless, shall comply with the protocol set forth herein pending resolution by the Litigation.

-8-

Case 2:05-cv-04850-SRC-MAS   Document 173   Filed 04/18/08   Page 27 of 29 PageID: 2325
Case 2:05-cv-04850-SRC-MAS   Document 29   Filed 11/16/2005   Page 9 of 11

Case 3:05-cv-04850-SRC-JJH   Document 20   Filed 11/03/2005   Page 15 of 24

18.    This Discovery Confidentiality Order shall not preclude or limit any party's right to oppose discovery on any ground that would otherwise be available.

19.    This Discovery Confidentiality Order may be amended by agreement of counsel for the Parties in the form of a stipulation that shall be filed in this Litigation. Any party for good cause shown may apply to the Court for a modification of this Discovery Confidentiality Order

20.    The parties consent to the form and entry of this Discovery Confidentiality Order and agree to be bound by its terms as of the date first submitted to the Court for execution.

HONORABLE JOHN J HUGHES, U.S.M.J

-9-

Michael R. Griffinger, Esq. (MG-2944)
Michael F. Quinn, Esq. (MQ-2722)
Jennifer A. Hradil, Esq. (JH-0594)
**GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.**
One Riverfront Plaza
Newark, New Jersey 07102-5496
(973) 596-4500

- and -

Bobby Burchfield, Esq
Raymond A. Jacobsen, Esq
Jeffrey E. Stone, Esq. Esq.
David S. Rosenbloom, Esq.
**MCDERMOTT WILL & EMERY LLP**
600 13th Street, N.W.
Washington, D.C. 20005-3096
(202) 756-8000

Attorneys for Defendant
Amgen Inc

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORTHO BIOTECH PRODUCTS, L.P.,<br><br>            Plaintiff,<br><br>    vs.<br><br>AMGEN, INC.,<br><br>            Defendant | Civil Action No. 05-cv-04850 (SRC) |

## WRITTEN ASSURANCE

_____, declares that: I reside at _____, in

the city of _____, county of _____, State of _____.

I have read the Discovery Confidentiality Order dated _____ of record in the

above-referenced matter,

I agree to comply with and be bound by the provisions of the Order;

I will keep in confidence, and will not divulge to anyone other than those permitted to have access under the terms of said Order or copy or use except solely for the purposes of this Litigation, any information, documents, or tangible things designated confidential under the Order;

I realize that any violation of the Order may subject me to sanctions by the Court, including punishment for civil contempt in a court of law.

I declare under penalty of perjury that the foregoing is true and correct  Executed this _____ day of _____, 200__.

_____

-2-