

MICHAEL R. GRIFFINGER
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4701 Fax: (973) 639-6294
griffinger@gibbonslaw.com

April 25, 2008

***Electronically Filed***
Honorable Michael A. Shipp, U.S.M.J.
United States District Court
for the District of New Jersey
M.L. King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey  07101

Re:    **Ortho Biotech Products, L.P. v. Amgen Inc. et al.**
        **Civil Action No. 05-4850 (SRC) (MAS)**

Dear Magistrate Judge Shipp:

We write on behalf of defendants Amgen Inc. and Amgen USA Inc. (collectively "Amgen") in further support of Amgen's application for a stay of that portion of the Court's Order overruling Amgen's assertion of attorney-client privilege and work product with respect to a document submitted *in camera* in connection with Ortho's motion to compel.  For the reasons set forth below and in Amgen's letter dated April 4, 2008, Amgen's request for a stay should be granted.

Relying upon blatant misstatements and mischaracterizations of the record, Ortho suggests that Amgen's request for a stay is an attempt to delay this matter and that Amgen has prevented Ortho from pursuing discovery and has not complied with the Court's directives.  None of this could be further from the truth.

First, Ortho states that Amgen has "ignored" the Order's directive that the parties meet and confer with regard to any privilege assertion by Amgen over any of the business analytics referenced in ˙AMG-M-01557993 - AMG-M-01557996 (the "Document") and "refused to identify the analytics referenced in the document over which it also asserted privilege".  *See* Ortho Letter at 5.  Following the Court's entry of the Order, Ortho inquired as to whether Amgen would be asserting the privilege over any of the analytics referenced in the Document and as to our availability for a meet and confer.  In a series of emails exchanged between the parties, Amgen expressly advised Ortho that Amgen intended to assert privilege over these analytics and that Amgen was prepared to meet and confer:

> Amgen is asserting privilege over all of the work done by the [Alternative Contract Strategy team], including each of the topics referred to in the document, because all work was done for the purpose of seeking legal advice or at the direction of counsel. . . . We remain available Tuesday or Wednesday to meet and confer on these issues.

GIBBONS P.C.

Honorable Michael A. Shipp, U.S.M.J.
April 25, 2008
Page 2

Email correspondence from Jennifer Hradil to Erik Haas, dated March 29, 2008, attached hereto as Exhibit A.  At all times, Amgen remained willing to meet and confer as to its assertion of privilege over the topics referenced in the Document.  In fact, to aid in directing that discussion, Amgen requested that Ortho identify any documents set forth on Amgen's privilege log that Ortho believed were not properly protected by the attorney-client privilege and/or work product doctrine.  In response, and in no uncertain terms, Ortho stated that in light of Amgen's intention to appeal Your Honor's ruling on the privilege issue, a meet and confer was unnecessary.  On March 29, 2008, Ortho stated as follows:

> . . . [W]e are looking for clarification as to whether there are any issues decided by Judge Shipp that Amgen is <u>not</u> appealing.  From your correspondence it now appears that Amgen is appealing all issues.  If so, there is no reason for a meet and confer.

Email correspondence from Erik Haas to Jennifer Hradil, dated March 29, 2008, attached hereto as Exhibit A.  Thereafter, Amgen again confirmed that it was asserting privilege as to all of the topics referenced in the Document, and Ortho requested that Amgen draft a proposed joint letter to the Court as required by the Order.  Before submitting that joint letter to the Court, Ortho insisted that certain language proposed by Amgen be deleted, namely the language referring to Ortho's position on the meet and confer.  Amgen ultimately agreed to compromise and submit a joint letter without this language, not knowing of course, that Ortho would later represent to the Court that Amgen has refused to comply with the Court's directive that the parties meet and confer.

Second, Ortho claims that Amgen is seeking to avoid discovery on the issues set forth in the Document late in the discovery period to delay the adjudication of this matter.  This claim is also inaccurate and inconsistent with the record.  Issue has been joined between the parties since November 2007, when Amgen promptly asserted privilege over the Document upon being advised of its production by Ortho.  Amgen has been willing at all times to meet and confer with respect to its privilege assertions.  Amgen has also timely complied with all of the briefing schedules set by the Court in connection with Ortho's motion to compel production of the Document.

In sum, Amgen has not delayed in making its privilege claim or in presenting the issue to the Court.  The mere fact that Amgen has availed itself of the right to appeal the Order to the District Court within the time frame permitted by the Federal Rules of Civil Procedure does not, as Ortho claims, in any way suggest that Amgen is attempting to delay adjudication of this matter.  Rather, Amgen is simply taking appropriate steps to ensure that its privilege is protected and not irreparably harmed by an inadvertent production of the Document.  Moreover, staying the Court's order pending appeal will not unduly delay resolution of the privilege issues associated with the Document.  Indeed, the parties continue to meet and confer on numerous other privilege

GIBBONS P.C.

Honorable Michael A. Shipp, U.S.M.J.
April 25, 2008
Page 3

issues, including issues arising out of Ortho's roughly 40,000 privilege claims and its assertion of privilege over inadvertently produced documents. Additionally, shortly before the filing of this letter, Amgen received from Ortho this afternoon a supplemental privilege log which includes over 400 new entries. In sum, Ortho's complaint about any minor delay that may result from a stay rings hollow given its very belated privilege assertions as to these documents.

Third, Ortho asserts that Amgen is somehow being evasive by continuing to preserve its privilege assertion as to the Document and the topics referred to therein. Since the Court's entry of the Order, these issues have arisen in the deposition of only one Amgen employee, Beverly Simmons. At that deposition, Amgen maintained its assertion of privilege over these matters and advised Ortho that Amgen would be appealing and seeking a stay. Amgen believes that this course was necessary to avoid any future argument by Ortho that Amgen waived its privilege assertion by allowing inquiry into these issues pending Amgen's appeal.

Finally, Ortho's arguments on the elements of Amgen's application for a stay are misplaced. Use of the information over which Amgen claims a privilege (even under the protections of the confidentiality order) is the very type of harm that courts routinely recognize as irreparable. *See, e.g., In re Ford Motor Co.,* 110 F.3d 954, 963 (3d Cir. 1997). Despite Ortho's claim to the contrary, the existing discovery confidentiality order[1] does not protect Amgen from the irreparable harm of disclosure. Where there is a dispute over the propriety of a privilege assertion, the confidentiality order precludes Ortho from "using or disclosing the information until there is an agreement or adjudication that the material is discoverable." As a result, from Amgen's notification in October 2007 that it was asserting privilege over the Document until the entry of the Court's Order, Ortho was precluded from using the Document, except to submit it for the Court's *in camera* review. Amgen seeks to maintain this *status quo* pending the resolution of its appeal on the issue. It bears noting that use under the confidentiality order does not protect Amgen from harm of disclosure of privileged information -- the confidentiality order would permit disclosure not only to Ortho's outside counsel, but also to seven members of its in-house counsel group and to third-party consultants or experts. As the *In re Ford* court noted, "[a]ttorneys cannot unlearn what has been disclosed to them in discovery; they are likely to use such material for evidentiary leads, strategy decisions, or the like." *Id.; see also Bogosian v. Gulf Oil Corp.,* 738 F.2d 587, 591 (3d Cir. 1984) ("[w]hen a district court orders production of information over a litigant's claim of privilege not to disclose, appeal after a final decision is an inadequate remedy *for compliance with the production orders complained of destroys the right sought to be protected*") (emphasis supplied).

---

[1] The Discovery Confidentiality Order entered as Docket Entry 29 contains various provisions regarding the inadvertent production of privileged materials. *See* ¶¶ 14-17. Following the hearing on and the Court's denial of Ortho's motion for a preliminary injunction, the parties entered into a Stipulated Discovery Order to govern the merits phase of discovery which supplements these provisions, *see* Docket Entry 128, ¶8.

GIBBONS P.C.

Honorable Michael A. Shipp, U.S.M.J.
April 25, 2008
Page 4

As courts have recognized, under these circumstances, an application for a stay should be granted upon a showing that the appeal presents a substantial legal question or that reasonable minds may differ on the issue. This is no different from the well-established principle that a movant seeking injunctive relief bears a burden on the likelihood of success is inversely a function of the degree of irreparable harm. Amgen's citation to and reliance upon this line of authority does not suggest in any way that Amgen has "all but condede[d]" that this factor weighs against granting a stay. *See* Ortho letter at 2. To the contrary, Amgen believes that its privilege assertion is appropriate under the governing law and that it is likely to succeed on its appeal.

Ortho's claims of harm to it and the public interest because of a potential delay in the adjudication of this matter are unavailing. While Amgen is not requesting any change in the extant scheduling order, any delay that might result from a stay is minimal in comparison to the irreparable injury that would befall Amgen absent a stay. There is no trial date set in this matter. Since Amgen filed this application for a stay, other privilege issues -- including some related to Ortho's strategies for responding to Amgen's contract -- have arisen and may need to be brought to the Court if the parties' meet and confer process does not resolve them. If a short delay results and Amgen's appeal is denied, any inconvenience or alleged harm to Ortho can be remedied by the Court with a tailored and appropriate scheduling order. On the other hand, allowing Ortho to use materials over which Amgen maintains a privilege in developing its strategies, in creating work product, and in working with their experts will cause harm to Amgen for which no effective relief can be fashioned.

For the foregoing reasons, Amgen respectfully requests that Your Honor stay the portion of the Order declaring that the document subject to Your Honor's *in camera* review is not subject to the attorney-client privilege.

Respectfully yours,

s/ Michael R. Griffinger
Michael R. Griffinger
Director

cc:     Erik Haas, Esq.
        Walter F. Timpone, Esq.

## Hradil, Jennifer A.

**From:** Haas, Erik (x2117) [EHAAS@PBWT.COM]
**Sent:** Wednesday, April 02, 2008 11:09 AM
**To:** Hradil, Jennifer A.; Kramer, Amanda K. (x7615); wtimpone@mdmc-law.com
**Subject:** RE: Ortho Biotech Products, L.P. v. Amgen Inc., et al.

Jennifer, as Amgen intends to appeal all issues, will you forward a draft of the joint submission for the court (due Friday) that recites that position?

---

**From:** Hradil, Jennifer A. [mailto:JHradil@gibbonslaw.com]
**Sent:** Monday, March 31, 2008 8:20 PM
**To:** Haas, Erik (x2117); Kramer, Amanda K. (x7615); wtimpone@mdmc-law.com
**Subject:** RE: Ortho Biotech Products, L.P. v. Amgen Inc., et al.

Erik -- As indicated in my message below, Amgen is asserting privilege as to all of the topics referred to in the document submitted in camera, and therefore, is appealing the entirety of Judge Shipp's ruling as to the propriety of Amgen's privilege assertions.

-----Original Message-----
**From:** Haas, Erik (x2117) [mailto:EHAAS@PBWT.COM]
**Sent:** Monday, March 31, 2008 8:08 PM
**To:** Haas, Erik (x2117); Hradil, Jennifer A.; Kramer, Amanda K. (x7615); wtimpone@mdmc-law.com
**Subject:** RE: Ortho Biotech Products, L.P. v. Amgen Inc., et al.

Jennifer,

Please let me know where Amgen stands with request to my query whether there are any issues decided by Judge Shipp that Amgen is not appealing. We've asked repeatedly for Amgen's position on this matter, and the Court ordered the parties to make the requisite joint submissions by this Friday, so we really need an answer. Thanks.

*Best regards,*

*Erik Haas*
*Patterson Belknap Webb & Tyler LLP*
*1133 Avenue of the Americas*
*New York, NY 10036*
*Tel: (212) 336-2117*
*Fax: (212) 336-2386*
*email: ehaas@pbwt.com*

---

**From:** Haas, Erik (x2117)
**Sent:** Saturday, March 29, 2008 11:35 PM
**To:** 'Hradil, Jennifer A.'; Kramer, Amanda K. (x7615); wtimpone@mdmc-law.com
**Subject:** RE: Ortho Biotech Products, L.P. v. Amgen Inc., et al.

Jennifer,

First, as a matter of law, the onus is on Amgen to identify the documents for which it is asserting privilege.  That is why we have sought clarification.  If Amgen refuses to identify the scope of the documents to which its privilege assertion applies, we will of course raise that issue in opposition to your motion to Judge Chesler.

Second, I don't see the ambiguity regarding our request for a corporate representative to testify regarding the exhibits over which Amgen asserted privilege and that Judge Shipp squarely ruled are not entitled to such protection.  If Amgen intends to appeal the propriety of its privilege assertion over the exhibits referencing the "alternative contract strategy" (or in your venacular the "ACS"), then there is little left to say on the matter.

In short, we were looking for clarification as to whether there are any issues decided by Judge Shipp that Amgen is <u>not</u> apppealing.  From your correspondence it now appears that Amgen is appealing all issues.  If so, there is no reason for a meet and confer.  Make the motion and we will respond.  If there are matters itemized in the document submitted in camera that Amgen is not appealing, please specify and we will make ourselves available on Tuesday for a call.

Thanks.


*Best regards,*

*Erik Haas*
*Patterson Belknap Webb & Tyler LLP*
*1133 Avenue of the Americas*
*New York, NY 10036*
*Tel:  (212) 336-2117*
*Fax: (212) 336-2386*
*email:  ehaas@pbwt.com*

---

**From:** Hradil, Jennifer A. [mailto:JHradil@gibbonslaw.com]
**Sent:** Saturday, March 29, 2008 6:32 PM
**To:** Haas, Erik (x2117); Kramer, Amanda K. (x7615); wtimpone@mdmc-law.com
**Subject:** RE: Ortho Biotech Products, L.P. v. Amgen Inc., et al.

Erik - Amgen is asserting privilege over all of the work done by the ACS, including each of the topics referred to in the document, because all such work was done for the purpose of seeking legal advice or at the direction of counsel. Therefore, to the extent any such documents were prepared prior to the discovery cutoff and otherwise are responsive to Ortho's discovery requests and the agreed upon discovery protocols, we have withheld such documents on the basis of attorney-cilent and/or work product privilege. In advance of the meet and confer, **please identify any such documents by bates number for which you believe the assertion of privilege is not warranted**.

With respect to your inquiry regarding an Amgen representative, we are not clear on what you are looking for.  We believe it will be most productive to discuss that issue during the meet and confer rather than exhange further email correspondence.

In light of the John Johnson deposition scheduled for Monday, **we are not available for a meet and confer**.  We remain available Tuesday or Wednesday to meet and confer on these issues.

-----Original Message-----
**From:** Haas, Erik (x2117) [mailto:EHAAS@PBWT.COM]
**Sent:** Saturday, March 29, 2008 7:04 AM
**To:** Hradil, Jennifer A.; wtimpone@mdmc-law.com; Kramer, Amanda K. (x7615)
**Subject:** RE: Ortho Biotech Products, L.P. v. Amgen Inc., et al.

Jennifer,

Amgen's position is unclear from your correspondence. Please specify the items over which Amgen intends to maintain its privilege assertion by reference to the topic number of the items listed in the document submitted in camera. Also, please advise whether Amgen intends to produce a corporate representative to respond to questioning regarding the exhibits marked at the Hansen deposition that address Amgen's alternative contract strategy. We are available on Monday afternoon for a meet-and-confer on this matter.

*Best regards,*

*Erik Haas*
*Patterson Belknap Webb & Tyler LLP*
*1133 Avenue of the Americas*
*New York, NY 10036*
*Tel:  (212) 336-2117*
*Fax: (212) 336-2386*
*email:  ehaas@pbwt.com*

---

**From:** Hradil, Jennifer A. [mailto:JHradil@gibbonslaw.com]
**Sent:** Saturday, March 29, 2008 6:40 AM
**To:** Haas, Erik (x2117); wtimpone@mdmc-law.com; Kramer, Amanda K. (x7615)
**Subject:** Ortho Biotech Products, L.P. v. Amgen Inc., et al.

Please see attached correspondence.

The contents of this message, together with any attach for the use of the individual or entity to which they contain information that is legally privileged, confid disclosure. If you are not the intended recipient, you any dissemination, distribution, or copying of this me is strictly prohibited. If you have received this mess notify the original sender or the Gibbons P.C. Help De Email: HelpDesk@gibbonslaw.com) immediately and delete along with any attachments, from your computer. Thank



JENNIFER A. HRADIL
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4495 Fax: (973) 639-6487
jhradil@gibbonslaw.com

March 28, 2008

**VIA ELECTRONIC MAIL**

Erik Haas, Esq.
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York  10036

> **Re:   Ortho Biotech Products, L.P. v. Amgen Inc., et al.**
> **Civil Action No. 05-4850**

Dear Erik:

As we indicated yesterday via email, Amgen intends to appeal Magistrate Judge Shipp's ruling as to Amgen's assertion of privilege over the document submitted in camera in connection with Ortho's motion to compel.  Amgen will assert the protections of the attorney-client privilege and/or work product doctrines as to all matters that reflect or constitute communications with lawyers for the purposes of obtaining legal advice or in anticipation of litigation.  In response to Ortho's specific inquiry, Amgen will continue to assert privilege as to all of the analytics underlying, referenced in or represented by that document, which were done at the direction of counsel and for the purpose of obtaining legal advice and/or in anticipation of litigation.

Please advise when you would like to meet and confer on Tuesday or Wednesday of next week.  In advance of that session, please identify the specific communications referenced on Amgen's privilege log that will be the subject of the meet and confer.

Very truly yours,

Jennifer A. Hradil
Director

GIBBONS P.C.

Erik Haas, Esq.
March 28, 2008
Page 2


cc:     Walter F. Timpone, Esq. (Via Electronic Mail)
        Amanda K. Kramer, Esq. (Via Electronic Mail)
        Mary Beth Cantrell, Esq. (Via Electronic Mail)
        Richard W. Smith, Esq. (Via Electronic Mail)
        Michael Griffinger, Esq. (Via Electronic Mail)

GIBBONS P.C.